by the incorporation by reference of the original complaint, to set forth well pleaded facts sufficient to establish the applicability of the indemnification agreements. There are no facts pleaded sufficient to establish that the injuries arose or involved use or occupancy of the licensed area by Rudy's so far as the license agreement is concerned, nor are there allegations sufficient to establish that the injuries occurred upon or about the premises within the contemplation of the lease.

It seems to us fundamental that the motion for judgment on the pleadings admits for the purpose of the motion only the factual allegations of the complaint and not conclusions that may be found therein.

The judgment of the circuit court of Champaign County was correct and is affirmed.

Judgement affirmed.

SMITH, J., concurs.

Mr. JUSTICE TRAPP specially concurring:

I concur in the affirmance of the judgment entered below, but do not agree that the cited *Tatar* is applicable or controlling.

THE PEOPLE *ex rel.* EDWARD JACOBSEN, Petitioner-Appellant, *v.* JOHN J. TWOMEY, Warden, Illinois State Penitentiary, Respondent-Appellee.

(No. 71-160; ▮▮▮▮▮

Third District—March 6, 1972.

Bruce Stratton, of Defender Protect, of Ottawa, for appellant.

Louis R. Bertani, State's Attorney, of Joliet, for appellee.